IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2020

**STATE OF TENNESSEE v. KAREEM NORTHINGTON**

**Appeal from the Circuit Court for Montgomery County
Nos. 40700963, 40601156 Jill Bartee Ayers, Judge**

_____

**No. M2019-01179-CCA-R3-CD**

_____

Kareem Northington, Defendant, appeals from the summary dismissal of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Kareem Northington, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; and John W. Carney, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant filed a motion to correct an illegal sentence on May 29, 2019. From what we can gather from the motion,[1] Defendant alleged that he pled guilty in two separate cases in October of 2009 to two counts of possession of cocaine and received concurrent eight-year sentences. Several other charges were dismissed. Defendant was placed on community corrections. After a violation of community corrections for a "fresh domestic assault," Defendant was incarcerated. Defendant explained that the

---

[1] Defendant did not attach guilty plea petitions, judgment forms, or any other documents to his motion. Defendant attached multiple documents as attachments to his brief in this Court on appeal. Attachments to appellate briefs that are not included in the technical record will not be considered by this Court on appeal. *See State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

domestic assault charge was dismissed and he "only had the violation to contend with." Defendant claimed that he "was found to have an illegal sentence" and, as a result, "all charges were dismissed" and he was sent back to "pretrial status" on the drug charges. Defendant then alleged that he was "resentenced or simply sentenced to two[,] five-year consecutive sentences." Defendant alleged that these sentences were illegal and that his trial counsel was ineffective.

On June 3, 2019, the trial court dismissed the motion to correct an illegal sentence for failing to state a colorable claim and because the trial court had previously addressed the issues raised by Defendant. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant raises five issues: (1) whether there was an illegal waiver of jail credit; (2) whether he was held illegally without bond prior to trial; (3) whether "[c]ounsel lied and misled [Defendant] into signing an illegal plea deal under duress; (4) whether counts of the indictment that were dismissed as part of an illegal sentence were brought back illegally and dismissed as counts in a new settlement; and (5) whether excess jail credits or previously earned community corrections credit was illegally waived in exchange for a reduction or amendment of charges. Defendant insists that he is entitled to relief pursuant to his motion to correct an illegal sentence and that the trial court erred by summarily dismissing the petition. Defendant is simply wrong on all his claims.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court has interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). That court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The

court held that only fatal errors render sentences illegal. *Id.*  A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief.  Tenn. R. Crim. P. 36.1(b)(2).

None of the issues presented by Defendant are cognizable in a motion filed pursuant to Rule 36.1.  *See e.g., State v. Brown*, 479 S.W.3d 200, 212-13 (Tenn. 2015) (determining that the failure to award pretrial jail credits does not render a sentence illegal for purposes of relief under Rule 36.1); *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015) (finding claims of ineffective assistance of counsel are not cognizable under Rule 36.1); *State v. Samuel L. Giddens, Jr.*, No. M2014-01505-CCA-R3-CD, 2015 WL 1472646, at *9 (Tenn. Crim. App. Feb. 20, 2015) (finding a Rule 36.1 motion is not the proper procedure for challenging convictions based on double jeopardy), *perm app. denied* (Tenn. May 15, 2014).  The trial court properly dismissed the petition for relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE